In the Matter of OLIVER V. MORRISSEY, Petitioner, against NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.

Third Department, May 5, 1948.

*Knowlton Durham,* attorney for petitioner.

*Nathaniel L. Goldstein, Attorney-General,* for respondents.

Hill, P. J. Submission of controversy under section 546 of the Civil Practice Act. The petitioner, Morrissey, was, on October 3, 1919, appointed as a clerical employee in the New York State Division of Military and Naval Affairs and has ever since held such position except while absent on military leave while he was serving in the United States Army for one year beginning October 15, 1940, and from February 2, 1942, to January 13, 1947. He seeks a determination that he is entitled to withdraw from the Employees' Retirement System of the State and have refunded to him the amount standing to his credit on the books of the system on account of sums which he has contributed thereto, which it is agreed amounted to $3,969.35 on December 1, 1947. The employees' system and the Comptroller of the State as administrative head thereof are the respondents, and deny that petitioner is entitled to the relief which he claims. It is agreed that in addition to the military service earlier mentioned, petitioner served on active duty in the United States Naval Reserve in World War I from December 3, 1917, to June 24, 1919, and was honorably discharged therefrom on September 30, 1921.

Petitioner completed twenty years of State service on October 3, 1939, and attained the age of fifty years on December 17, 1943. He desires to retire from the system because of his intention to apply for a pension under section 19-a of the Military Law which enacts that any person who has been honorably discharged from service in the Army of the United States during the World War and who has been employed for a period of twenty years or more in the military service of the State may, upon reaching the age of sixty-four years, upon his own request '' or shall, upon being discharged or released from such employment without fault on his part after reaching the age

of fifty years " be retired with the approval of the Adjutant-General and thereafter during his life there shall be paid to him an annual sum equal in amount to one half of his compensation in the last year of his employment.

It is admitted that petitioner joined the New York State Employees' Retirement System on June 16, 1935, at which time he was not entitled to a pension under the Military Law (§ 19-a), as he had had only sixteen years of State service and was only forty-two years old. He now seeks to withdraw because, by the lapse of time he has become entitled to a pension under the Military Law. Each of the parties recognizes that he may not receive both a pension under the Military Law and benefits under the retirement system statutes. Unless he is to be denied a right which the Military Law grants to those in the State service who have discharged the highest duty of a citizen in time of war by joining the national army, petitioner must be permitted to sever his relations with the retirement system.

Persons entitled to benefits under the Military Law, except those who earlier than December 31, 1926, elected otherwise, were excluded from membership in the State retirement system by the Civil Service Law (§ 52, subd. 2). (Petitioner did not so elect.) Former section 72, now section 93, of the Civil Service Law does not affect the right of veterans to pensions. It concerns pensions, retirement benefits, emoluments or awards under the retirement system for employees in government service, but those who have served in the armed forces of the United States in time of war occupy a position different from other citizens. Should they become indigent they are supported from a different source than nonveteran indigents and are nursed and cared for in sickness and old age in institutions other than those provided for nonveterans. It is very doubtful whether petitioner's membership in the retirement system was valid at the time he joined. He now has a right to a military pension, and should be permitted to withdraw from membership in the system and to receive the contributions which he has made, irrespective of whether his original affiliation was valid or, through the mutual error of himself and the system officials, he joined without legal right.

Judgment and order should be entered hereon permitting petitioner to withdraw from the New York State Employees' Retirement System and to receive a refund of the moneys held for his benefit in the Annuity Savings Fund of the State.

HEFFERNAN, FOSTER, RUSSELL and DEYO, JJ., concur.

Judgment and order should be entered permitting petitioner to withdraw from the New York State Employees' Retirement System and to receive a refund of the moneys held for his benefit in the Annuity Savings Fund of the State.