leave to appeal to the Court of Appeals granted, without costs. The court certifies that in its opinion questions of law have arisen which in the interest of substantial justice should be reviewed by the Court of Appeals. Present — Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ. [See 273 App. Div. 626.]

In the Matter of WILLIAM M. LINDENFELD, Petitioner, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied, without costs. Present — Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ. [See 273 App. Div. 1040.]

DOROTHY ENGLE, Respondent, v. WILLIAM H. FERRIER, Appellant, et al., Defendants. MARY C. BANGS, an Infant, by Her Guardian ad Litem, ISABELLE E. BANGS, Respondent, v. WILLIAM H. FERRIER, Appellant.— Motion for reargument denied, with $10 costs. Hill, P. J., Heffernan, Foster and Russell, JJ., concur; Deyo, J., taking no part. [See 273 App. Div. 1041.]

In the Matter of OLIVER V. MORRISSEY, Petitioner, against NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Present — Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ. [See 273 App. Div. 573.]

In the Matter of the Claim of JOHN M. CASEY, Respondent, against HINKLE IRON WORKS et al., Appellants, and FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and insurance carrier appeal from a decision and award of the Workmen's Compensation Board which directed them to furnish claimant with orthopedic shoes, concededly needed and necessitated by an injury which he sustained in 1924. Appellants last provided claimant with such shoes in March, 1943. More than three years later he requested their replacement which has been directed. The appellants contend that the Special Fund under section 25–a of the Workmen's Compensation Law is liable for same. Claimant's request for these special shoes is not an application for compensation under and within the reach or meaning of section 25–a, and the employer liability to provide the replacement in question is mandated by section 13 of the Workmen's Compensation Law. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Hill, P. J., Brewster, Russell and Deyo, JJ., concur; Heffernan, J., dissents, in the following memorandum: I dissent and vote to reverse the decision and remit the matter to the Workmen's Compensation Board in order that claimant may proceed against the Fund for Reopened Cases. When this case was restored to the calendar on January 14, 1947, it was more than seven years old and more than three years had elapsed since the last payment of compensation. The fact that this matter was placed in what is known as an abeyance file does not change the situation. It was a closed case. Calling it a closed file is meaningless. If the board can do that in this case it can prevent any claimant from ever resorting to the Fund for Reopened Cases. Section 13 of the Workmen's Compensation Law has no application. That section was enacted to protect employers who voluntarily provided an injured employee with medical attention, appliances or other apparatus.

In the Matter of the Claim of EDWARD A. PUDSEY, Respondent, against NEW YORK CENTRAL RAILROAD COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied, without costs. Present — Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ. [See 274 App. Div. 1044.]

In the Matter of the Claim of MAX FISHBERG, Respondent, against MASPETH WETWASH LAUNDRY et al., Appellants. WORKMEN'S COMPENSATION BOARD,